IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WALTER C. GOODSON,        )
                         )
      Plaintiff,         )
                         )
      v.             ) Civ. Action No. 12-1037-GMS
                         )
DELAWARE DEPARTMENT OF    )
CORRECTION/PROBATION AND   )
PAROLE, et al.,          )
                         )
      Defendants.     )

## MEMORANDUM

The plaintiff, Walter C. Goodson ("Goodson"), filed this lawsuit on August 15, 2012, pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

Goodson alleges that the defendants Delaware Department of Correction/Probation and Parole ("DOC"), and probation officers Melissa Roberts ("Roberts"), and Raymond T. DiClemente ("DiClemente") violated his Fourth Amendment right to be free from unlawful seizure when, on July 30, 2010, Roberts, acting on behalf of DiClemente, issued a warrant for Goodson's arrest as a parole violator. (D.I. 2, Count I.) Goodson alleges that the DOC, probation officer Eric F. Reuther ("Reuther") and Lieutenant Long ("Long") violated his Fourth Amendment right to be free from unlawful seizure when a warrant issued for Goodson's arrest on May 2, 2011, and these defendants had no reason to believe that Goodson knowingly violated the terms of his parole. (*Id.* at Count II.)

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Goodson proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted

2

pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Goodson leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Goodson has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Goodson's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[1]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

## III. DISCUSSION

### A. Eleventh Amendment Immunity

The DOC is a named defendant.  The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought.  *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54  (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).  Hence, as an agency of the State of Delaware, the DOC is entitled to immunity under the Eleventh Amendment.  *See e.g. Evans v. Ford*, 2004 WL 2009362, at *4 (D. Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

The State of Delaware has neither consented to plaintiff's suit nor waived its immunity. Therefore, it will be dismissed from this action.

### B. Statute of Limitations

Goodson alleges in Count I that, on July 30, 2010, the DOC, Roberts, and DiClemente violated his constitutional rights.  He filed the instant complaint on August 15, 2012.  For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983).  In Delaware, § 1983 claims are subject to a two-year limitations period.  *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F.Supp. 244, 248 (D. Del. 1996).  Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

4

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.,* 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby,* 408 F. App'x 524, 526 (3d Cir. 2010) (not published) (quoting *Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir. 2006)).

In Count I, Goodson complains of acts taken on July 30, 2010, yet he did not file the complaint until August 15, 2012.  Hence, it is evident from the face of the complaint that the claims in Count I were not timely filed and are time-barred.  Therefore, the court will dismiss Count I as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B).

### C. Unlawful Arrest

Count II alleges an unlawful arrest in violation of the Fourth Amendment because the defendants "had no reason to believe that Plaintiff had knowingly violated the terms of his parole."  To state a claim for unlawful arrest under § 1983 and the Fourth Amendment, Goodson must assert that he was arrested by a state actor without probable cause. *Sharrar v. Felsing,* 128 F.3d 810, 817-18 (3d Cir. 1997).

The complaint makes no reference to probable cause and is, therefore, deficiently pled. However, since it appears plausible that Goodson may be able to articulate a claim, he will be given an opportunity to amend Count II of the complaint. *See O'Dell v. United States Gov't,* 256

F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

For the above reasons, the court will dismiss Count II for failure to state a claim upon which relief may be granted pursuant 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).  Goodson will be given leave to file an amended complaint consistent with this memorandum opinion.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2012
Wilmington, Delaware