IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALTER C. GOODSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-1037-GMS |
| | ) |
| ERIC F. REUTHER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Walter C. Goodson ("Goodson"), filed this lawsuit on August 15, 2012, pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court dismissed the original complaint and gave Goodson leave to amend. He filed an amended complaint on November 28, 2012. (D.I. 7.) The court now proceeds to review and screen the amended complaint pursuant to 28 U.S.C. § 1915.

**I. BACKGROUND**

On July 30, 2010, Goodson was arrested as a parole violator. He returned to prison until he was released by the Parole Board on November 30, 2010. In the meantime, Goodson was indicted and charged with terroristic threats. A jury acquitted him of the charges on March 2, 2011.

Goodson was due to be released on May 2, 2011. On that day, the defendant Eric Reuther ("Reuther") issued a warrant for Goodson's arrest for violation of probation based upon information allegedly received from the defendant Lieutenant Matthew Long ("Long") on February 24, 2011. On June 14, 2011, Judge Carpenter found that Goodson had violated

probation. Goodson was sentenced to one year at Level 5, with credit for time served and the balance of one year suspended. Goodson was released on September 2, 2011.

Goodson alleges that, when the warrant issued on May 2, 2011, the defendants had no reason to believe that Goodson had knowingly violated the terms of his parole; the defendants violated his Fourth Amendment Right to be free from unlawful seizure; Reuther lacked probable cause for issuance of the May 2, 2011 warrant; Long lacked probable cause to accuse Goodson of parole violation; and the defendants conspired to deprive him of liberty without probable cause.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Goodson proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080,

1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Goodson leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Goodson has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Goodson's

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer

3

entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

The amended complaint fails to state a claim under 42 U.S.C. § 1983. Goodson alleges that he was arrested without probable cause in violation of his Fourth Amendment rights. While Goodson was acquitted on the charges of terroristic threats, he was found guilty of violating his probation. Judge Carpenter's June 11, 2011 finding that Goodson violated his probation defeats Goodson's assertion that there was no probable cause to arrest him. *See Shelley v. Wilson*, 339 F. App'x 136, 139 (3d Cir. 2009) (unpublished); *see also McClam v. Barry*, 697 F.2d 366, 370 (D.C. Cir. 1983), *overruled on other grounds*, *Brown v. United States*, 742 F.2d 1498 (D.C. Cir. 1984) (stating that as to common law and constitutional law false arrest claims, "subsequent conviction establishes as a matter of law that the arrest was justified."). Therefore, Goodson cannot succeed on a claim that he was arrested without probable cause in violation of his Fourth Amendment rights. The court will dismiss the amended complaint as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B).

### IV. CONCLUSION

For the above reasons, the court will dismiss the amended complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment is futile.

---

possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

__Jan 15__, 2013
Wilmington, Delaware